IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JENNIFER HILL, on behalf of herself and all
other persons similarly situated,

    Plaintiffs,

v.    Case No: 1:06-CV-00096-SPM-AK

THE HOOVER COMPANY and HOOVER
COMPANY, I, Foreign Corporations doing
business in Alachua County, Florida,

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, the Defendants, **HOOVER COMPANY AND HOOVER COMPANY, I.**, by and through their undersigned counsel and respond to the Motion for Remand as follows:

1. The original class action complaint filed by the Plaintiff named only the Defendant, Hoover Company as defendant and was filed on February 17, 2005 at 4:59 p.m. in the Circuit Court in and for Alachua County, Florida.

2. The following day (February 18, 2005) the Class Action Fairness Act of 2005 (CAFA) became effective.

3. Plaintiff initially did not serve the complaint but filed motions for extension of time to do so.

4. Thereafter on January 18, 2006 Plaintiff requested additional time within which to serve the complaint and further indicated that she was in the process of amending the Complaint, adding a new party defendant.

5. On January 23, 2006 the Honorable Robert E. Roundtree, Circuit Judge, Eighth Judicial Circuit of Florida granted an extension of time for service until April 27, 2006. It appears that Plaintiff's First Amended Class Action Complaint was filed in the Circuit Court, Alachua County, Florida on or about April 13, 2006. Thereafter the Defendants were served with process.

6. The undersigned is aware of this Court's opinion in <u>Jones v. Fort Dodge Animal Health,</u> Case No: 1:06-CV-47-SPM/AK which addresses "commencement" under Florida law for purposes of CAFA.

7. It is the Defendants' position the addition of a new defendant, Hoover Company I subjects the action to removal under CAFA because the suit did not commence as to Hoover I until Hoover I was added as a defendant in April, 2006, under Rule 1.050, Florida Rules of Civil Procedure.

8. The question would then become whether the amendment adding this new defendant "related back" to the original complaint.

9. Rule 1.190(c), Florida Rules of Civil Procedure deals with relation back of amendments under Florida law and provides

> "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading".

10. Florida Courts have recognized that Rule 1.190(c) does not specifically allow for the addition of a new party. See <u>Schwartz ex. rel Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd.</u>, 725 So. 2d 451 (Fla. 4th DCA 1999).

11. Generally the addition of a new party has been held to not relate back to the original complaint. <u>Schwartz</u> at 453 citing <u>Kozich v. Shahady</u>, 702 So. 2d 1289, (Fla. 4th DCA

1997); Troso v. Florida Ins. Guar. Ass'n, Inc. 538 So. 2d 103, (Fla. 4th DCA 1989); Lindsey v. H.H. Raulerson, Jr. Memorial Hosp., 505 So. 2d 577, (Fla. 4th DCA 1987); and Louis v. South Broward Hospital Dist., 353 So. 2d 562 (Fla 4th DCA 1977).

12. On the other hand, "relation back" for purpose of statute of limitations has been recognized or applied by Florida Courts where defendants held themselves out to the public under the same name, shared bank and credit card accounts and defendants shared the same director/officer, attorney, registered agent and phone number. See Williams v. Avery Development Co.-Boca Raton, 910 So. 2d 851 (Fla. 4th DCA 2005).

13. Federal Courts have recognized that adding a suit against a "corporate sibling" could afford the newly added corporation a right to remove under CAFA because a suit against it would have been commenced after February 18, 2005. Knudson v. Liberty Mut. Ins. Co., 411 F.3d 805 @ 807 (CA. 7 (Ill.) 2005).

14. In the case of Braud v. Transport Service Co. of Illinois, 445 F.3d 801, (C.A. 5 La.) 2006) the Court found that where the plaintiffs amended their class action on April 8, 2005 to name an additional defendant, the added defendant could properly remove the matter to federal court. The Court further found that the plaintiffs could not dismiss the newly added defendant to defeat removal. see also Dinkel v. General Motors Corp., 400 F.Supp 2d 289 (D. Me. 2005) for the proposition that removal that was proper at the time it was done is not undone by the plaintiff's subsequent dismissal of removing defendants. See Werner v. KPMG LLP, 414 F.Supp.2d (S.D. Tex. 2006) holding that adding a defendant after the effective date of CAFA allowed that defendant to remove because the civil action was newly commenced as to that defendant.

15. While merely changing a class representative does not "open the door" to removal because it relates back to the original filing (see <u>Plubell v. Merek & Co., Inc.</u>, 434 F.3d 1070 (C.A. 8 (Mo.) 2006), there is authority that expansion of a class definition to include insureds under policies issued by all of an insurers affiliates and subsidiaries constituted commencement of a new action rendering the suit removable. *See* <u>Knudsen v. Liberty Mut. Ins. Co.</u>, 435 F.3d 755,(C.A.7 (Ill.) 2006); *also* <u>Schillinger v. Union Pacific R. Co.</u>, 425 F.3d 330 (C.A.7 (Ill.)2005).

## CONCLUSION

The defendant Hoover Company, I was added as a party in April, 2006, well after the effective date of CAFA. The action "commenced" as to Hoover Company, I when it was added as a party, and therefore Hoover Company, I properly removed the action.

Respectfully submitted this 29th day of August, 2006.

**KEVIN J. CARROLL**
FLORIDA BAR NO: 0367567
Ausley & McMullen
227 South Calhoun Street
Post Office Box 391
Tallahassee, Florida 32302
(850) 224-9115; Fax (850) 222-7560
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of August, 2006, a true and correct copy of the foregoing has been furnished by U.S. Mail to:

Paul S. Rothstein, Esquire
626 N. E. First Street
Gainesville, Florida  32601

_____
Attorney