IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JENNIFER HILL, on behalf of herself and
all others similarly situated,

    Plaintiffs,

v.                                                         CASE NO.: 1:06-cv-47-SPM/AK

THE HOOVER COMPANY and
HOOVER COMPANY I, foreign corporations
doing business in Alachua County, Florida,

    Defendants.
_____/

## ORDER DIRECTING THE PARTIES TO SUPPLEMENT THE RECORD

This cause comes before the Court upon Defendants' Notice of Removal (Doc. 1), Plaintiff's Motion for Remand (Doc. 7), Defendants' Response to Plaintiff's Motion to Remand (Doc. 8), and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand and Memorandum of Law (Doc. 10).

**I. Factual Background**

Plaintiff filed her complaint on February 17, 2005 against the Hoover Company ("Hoover") in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida ("circuit court"). After receiving several extensions of time for service, Plaintiff filed its First Amended Class Action Complaint with the circuit court on April 13, 2006. In that amended complaint, Plaintiff added Hoover

Company, I ("Hoover I") as a defendant.  On May 9, 2006 Defendant removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332, 1446, and 1453.  Plaintiff now contends that this action should be remanded to the circuit court.

**II. Analysis**

The relation-back doctrine set forth in Florida Rule of Civil Procedure 1.190(c) states: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."  FLA. R. CIV. P. 1.190(c).  Although the relation-back rule does not specifically refer to an addition of a new party, Florida district courts of appeal have allowed relation back where "the new party is sufficiently related to an original party such that the addition would not prejudice the new party." Schwartz ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So. 2d 451 (Fla. 4th DCA 1999) citing Kozich v. Shahady, 702 So. 2d 1289 (Fla. 4th DCA 1997) and Schachner v. Sandler, 616 So. 2d 166 (Fla. 4th DCA 1993).

The Kozich court held that "[t]he addition of a party . . . does relate back where the new and former parties have an identity of interest which does not prejudice the opponent."  Kozich, 702 So. 2d at 1291.  Two related companies may manifest an "identity of interest" when they (1) operate out of a single office; (2) share a single telephone line; (3) have overlapping officers and directors; (4) share consolidated financial statements and registration statements; (5) share

the same attorney, and (6) receive service of process through the same individual at the same location.  Kozich, 702 So. 2d at 1291 (citing  Palm Beach County v. Savage Constr. Corp., 627 So. 2d 1332 (Fla. 4th DCA 1993)).

The record does not contain sufficient information from which the Court can make a finding as to whether Hoover and Hoover I share an identity of interest.  Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. The parties are directed to file written responses on or before ***October 2, 2006.***

2. The responses shall contain information relating to each of the Kozich factors and an application of those factors to the instant case.

DONE AND ORDERED this 19th day of September, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge