IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JENNIFER HILL, on behalf of herself and all
other persons similarly situated,

    Plaintiffs,

v.                                                    Case No: 1:06-CV-00096-SPM-AK

THE HOOVER COMPANY and HOOVER
COMPANY, I, Foreign Corporations doing
business in Alachua County, Florida,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN RESPONSE TO SEPTEMBER 19, 2006 ORDER AND SUGGESTION OF FEDERAL QUESTION JURISDICTION

Defendants, **THE HOOVER COMPANY** and **THE HOOVER COMPANY I, L.P.**, by and through their undersigned counsel, respond to the Court's Order dated September 19, 2006, and further submit that the issues raised by plaintiff regarding the "relation back" of the amended complaint are moot both because federal question jurisdiction exists, and because the doctrine does not apply outside the context of the statute of limitations. Removal is thus proper and plaintiff's motion for remand should be denied.

### Suggestion of Federal Question Jurisdiction

The Court issued its September 19, 2006 Order (Doc. 13) in the context of addressing plaintiff's motion for remand (Doc. 7). In the motion for remand, plaintiff implies (if not asserts) that defendant removed this case based solely upon the Class Action Fairness Act of 2005 ("CAFA"). (See Doc. 7, para. 4).[1] Launching from that premise, plaintiff argues that, because

---

[1] Among other things, CAFA amended 28 U.S.C. sec. 1332 to address the requirements for diversity jurisdiction in putative class actions. Generally, the amendments make it easier to

she filed the original complaint on February 17, 2005 -- the day before the effective date of CAFA -- removal based upon CAFA is unavailable.

Defendants do not agree with plaintiff's arguments with regard to the removability of this action under CAFA, and that issue is addressed further below. However, it is important to note that the issue is academic in that removal to this Court is appropriate based upon the Court's federal question jurisdiction. See Pacheco De Perez v. AT&T Company, 139 F.3d 1368, 1373 (11th Cir. 1998) ("An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction."). Here, both the original complaint and the amended complaint assert a claim under the Magnusson-Moss Warranty Act, 15 U.S.C. sec. 2301 *et seq.* (See Doc. 1-2, p. 10; Doc. 1-3, p. 18). The assertion of this claim vests this Court with subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 (federal question jurisdiction), and provides a basis for removal pursuant to 28 U.S.C. sec. 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

Defendants specifically asserted in their removal notice that plaintiff's inclusion of a federal claim under the Magnusson-Moss Act supported federal question jurisdiction in this Court. (Doc. 1, para. 16). Further, defendants noted in their removal petition that the amended complaint alleges that "more than a thousand individuals" are included in the putative class, and that the amount in controversy satisfies the requirements of 28 U.S.C. sec. 1332 (*i.e.*, $75,000).

---

remove a class action on grounds of diversity by permitting removal where any member of the class of plaintiffs is a citizen of a State different than any defendant, and by permitting aggregation of all of the class members' claims for purposes of meeting the amount in controversy requirement of $5,000,000. See 28 U.S.C. sec. 1332(d). Significantly, CAFA did not amend 28 U.S.C. sec. 1331, which addresses federal question jurisdiction.

(Doc. 1, paras. 10, 20). These assertions bring plaintiff's class action claims within the requirements of the Magnusson-Moss Act. See 15 U.S.C. sec. 2310(d)(3) (Magnusson-Moss class actions in federal court require that at least $25 is at issue for each individual claim, that the aggregate amount at issue exceeds $50,000, and that the putative class includes at least 100 persons).

Significantly, plaintiff did not move to remand based upon the absence of federal question jurisdiction or any failure to properly allege the requirements for maintaining a class action under the Magnusson-Moss Act. (See Doc. 7). Rather, plaintiff's motion to remand is based solely on the argument that diversity jurisdiction does not exist under the CAFA amendments. (Doc. 7). Thus, plaintiff has waived the right to seek remand based upon any defect in defendants' removal papers as to the allegations regarding federal question jurisdiction. See Shapiro v. Logistec USA, Inc., 412 F.3d 307, 315 (2d Cir. 2005) (plaintiff waived right to seek remand based upon defendant's citizenship in the forum, because this defect does not go to the court's subject matter jurisdiction); Harmon v. Oki Systems, 902 F. Supp. 176 (S.D. Ind. 1995) (plaintiffs waived right to seek remand based upon defendants' failure to properly allege the parties' citizenship and the amount in controversy by failing to file motion to remand within 30-day deadline).

Based upon the foregoing, it is unnecessary to address plaintiff's arguments regarding the "relation back" doctrine in the context of the CAFA amendments. Federal question jurisdiction exists and defendants timely and properly removed the case to this Court on that basis.[2] Plaintiff has waived any right to seek remand based upon the absence of such

---

[2] Plaintiff asserts in the motion for remand that defendants' removal is untimely because it was filed more than one year the action was commenced, in violation of 28 U.S.C. sec. 1446. (Doc. 7, paras. 8, 10 (plaintiff's motion mistakenly includes two paragraphs numbered "9"; defendants

3

jurisdiction. The motion for remand should therefore be denied. See County of Santa Clara v. Astra USA, Inc., 401 F. Supp. 2d 1022, 1033 (N.D. Cal. 2005) (no need to address diversity jurisdiction issues raised by parties where case was removable based upon existence of federal question jurisdiction).

### Applicability of CAFA

In light of the existence of federal question jurisdiction, it is unnecessary to determine whether diversity jurisdiction also exists under the CAFA amendments. Nevertheless, defendants have complied with the Court's September 19, 2006 Order and separately supplemented the record with the Affidavit of Robert T. Kenagy. The Kenagy Affidavit addresses the various factors identified in Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1993), as pertinent to determining whether an "identity of interests" exists between two business entities for statute of limitations purposes.

Based upon the facts set forth in the Kenagy Affidavit, defendants acknowledge that they likely share an "identity of interests" as that doctrine is applied under Florida law. In particular,

---

refer to the latter of the two as paragraph "10")). This assertion is incorrect for several reasons. First, the one-year limit applies only to cases "removed on the basis of jurisdiction conferred by section 1332 of this title. . . ." 28 U.S.C. sec. 1446(b). Section 1332 addresses diversity jurisdiction. 28 U.S.C. sec. 1332. However, as discussed, defendants also removed the case based upon the existence of federal question jurisdiction. The one-year limit does not apply to removal on that basis. Second, the one-year limit applies only to cases discussed in the second paragraph of 28 U.S.C. sec. 1446(b), i.e., those in which the case stated by the initial pleading is "not removable." See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998). The initial complaint filed by plaintiff was "not removable" because it was never served and there is no indication that plaintiff ever attempted to serve it. Thus, both the 30-day and 1-year deadlines of 28 U.S.C. sec. 1446(b) began upon service of the amended complaint on April 18, 2006. See Greer v. Skilcraft, 704 F. Supp. 1570, 1583 (N.D. Ala. 1989) (one-year period does not begin to run until the complaint is filed and there has been a *bona fide* effort to have it served because to hold otherwise would provide the plaintiff the power to prevent removal by manipulation and inaction); accord Williams v. Covell, 236 So.2d 447, 448 (Fla. 1st DCA 1970) (filing of complaint, without some explanation for obtaining service, does not toll running of statute of limitations).

The Hoover Company I L.P. is the result of a 2000 transaction pursuant to which substantially all of the operating assets and the majority of the business operations of The Hoover Company were transferred to, and have since been held by and conducted through, The Hoover Company I L.P. In light of the transaction, The Hoover Company I L.P. is ultimately a wholly-owned limited partnership of The Hoover Company, which now functions essentially as a holding company.

However, this acknowledgment in no way precludes jurisdiction in this Court or affects the validity of defendants' removal. First, for the reasons already noted, removal was proper based on the existence of federal question jurisdiction. Second, whether construing Rule 15(c), Fed. R. Civ. P., or Rule 1.190(c), Fla. R. Civ. P., it is settled law that the "relation back" doctrine only applies in the context of statute of limitation issues. See Farber v. Wards Co., 825 F.2d 684, 689 (2d Cir. 1987) ("Rule 15(c) governs the 'relation back' of amended pleadings only for the purpose of the statute of limitations, which is simply not implicated in this case."); City & County of Honolulu v. Sherman, 110 Hawaii 39, 66, 129 P.3d 542, 569 (Ha. 2006) (same under Hawaii rules of civil procedure); Brossia v. Rick Construction, L.T.D., 81 P.3d 1126, 1130 (Colo. App. 2003) (same under Colorado rules of civil procedure). Likewise, there is no statute of limitations issue implicated by defendants' removal or plaintiff's motion for remand, and thus the "relation back" doctrine does not prevent removal of the post-CAFA amended complaint.

The inapplicability of the "relation back" doctrine means that defendants properly removed this case based on the CAFA amendments within thirty days of being served with the amended complaint. It is therefore unnecessary to delve into the factually-intensive issues surrounding whether defendants' share an "identity of interests" as that concept is applied under Florida law for statute of limitations purposes. Nevertheless, as previously noted, defendants have complied with the Court's Order and separately supplemented the record with the Affidavit

of Robert T. Kenagy, which addresses the various factors identified in Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1993).[3]

## Conclusion

Defendants respectfully request that the Court deny plaintiff's motion for remand, and enter any further relief the Court deems just and appropriate.

Respectfully submitted,

/s/Kevin J. Carroll
**KEVIN J. CARROLL**
FLORIDA BAR NO: 0367567
**MARTIN B. SIPPLE**
FLORIDA BAR NO: 0135399
Ausley & McMullen, P.A.
227 South Calhoun Street
Post Office Box 391 (zip 32302)
Tallahassee, Florida 32301
(850) 224-9115 – telephone
(850) 222-7560 – facsimile
**ATTORNEY FOR DEFENDANTS**

---

[3] Defendants appreciate the Court's patience with respect to the filing of their response. Their investigation was prolonged by the fact that The Hoover Company is itself a wholly-owned subsidiary of Maytag Corporation ("Maytag"). Maytag, in turn, was very recently acquired by Whirlpool Corporation. Thus, many of the personnel knowledgeable about the 2000 transaction involving The Hoover Company and The Hoover Company I L.P. are no longer employed by defendants.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of November, 2006, a true and correct copy of the foregoing has been filed electronically and furnished by U.S. Mail to:

Paul S. Rothstein, Esquire
626 N. E. First Street
Gainesville, Florida  32601

/s/Kevin J. Carroll
Attorney