IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JENNIFER HILL, on behalf of herself and all
other persons similarly situated,

    Plaintiffs,

v.   Case No: 1:06-CV-00096-SPM-AK

THE HOOVER COMPANY and HOOVER
COMPANY, I, Foreign Corporations doing
business in Alachua County, Florida,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff respectfully submits this memorandum in opposition to Defendants' Motion to Dismiss (hereinafter referred to as "Motion to Dismiss," Doc. 86) filed by Defendants to dismiss all counts of Plaintiff's Second Amended Class Action Compliant ("Complaint," Doc. 79). For the reasons explained below, Defendants' Motion to Dismiss should be denied.

**APPLICABLE STANDARD**

    Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). For purposes of this Court's analysis, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1273 n. 1 (11th Cir.1999).

    Defendants misapply recent Federal case law in an attempt to impose a more burdensome requirement on Plaintiff's pleading. However, there is more guidance to be drawn from *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and their progeny than is stated in Defendants' Motion to Dismiss. As the Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam) (which was issued just two weeks after *Iqbal*), in applying the *Twombly* formulation of the Rule 12(b)(6) standard, a court must also take into account the standard under Rule 8(a)(2), which makes clear that "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 93.

As the Eleventh Circuit noted in overruling a dismissal under Rule 12(b)(6) in *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010), in *Twombly,*

> The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."
>
> Subsequently, in *Iqbal* the Supreme Court clarified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949; *see also Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) ("The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965).

Therefore, as the Eleventh Circuit emphasized in *Speaker,* a complaint will survive a motion to dismiss as long as the plaintiff "has pleaded enough factual content to 'nudge his claims across the line from conceivable to plausible.'" *Speaker*, 623 F.3d at 1384, *citing Twombly,* 550 U.S. at 570.

The Eleventh Circuit also addressed the *Twombly* standard in *Young Apartments, Inc. v. Town of Jupiter,* 529 F.3d 1027 (11th Cir. 2008):

All of the factual allegations in the complaint must be accepted and construed in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998). A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

The United States Middle District of Florida observed, in *Steiner-Out v. Lone Palm Golf Club, LLC,* 2010 WL 4366299 (M.D. Fla. 2010) that,

- "In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff." (citing *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir.2000) and *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir.1999));

- "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." (citing *Twombly*);

- "the Court must assume that all of the allegations in the complaint are true," and

- "The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations."

In sum, under *Twombly, Iqbal* and *Erickson,* this Court has been directed by the Supreme Court to deny Defendant's motion to dismiss under Rule 12(b)6) if, considering all appropriate sources, accepting as true all allegations of fact presented by the Plaintiffs and reading all such allegations in the light most favorable to the Plaintiffs, and drawing all reasonable inferences therefrom, the Plaintiffs' claims are "nudged" across the line from "conceivable to plausible" and that it gives fair notice to Defendant of what the claim is and the grounds upon which it rests. Plaintiffs submit that the Complaint amply meets this standard by a wide margin.

The Complaint sets forth more than conclusory statements and provides enough specificity to rise above any speculation and meet the facial requirement for plausibility. Plaintiff

3

is able to provide specific references time, scope and subject of the cause, (e.g. Plaintiff purchased the Hoover Steam Vac™ Dual V™ Deep Cleaner ("Hoover Steam Vac Dual V") on December 21, 2003 and quotes the pertinent language directly from the warranty in the Hoover Steam Vac Dual V Owner's Manual, which she complains was breached). Complaint ¶¶ 15 and 20. Further, Plaintiff specifically identifies the design defect to put Defendants on notice of the nature of the claim (i.e. a clean water tank which "leak[s] significant quantities of water," a recovery tank which also "leak[ed] dirty water" and "failure of several integral plastic components after minimal use"). Complaint at ¶ 16(a). The Complaint leaves no question remaining as to the scope of Defendants' culpability in this cause (i.e. Defendants "failed to provide the necessary number of replacement parts causing delay to Hoover Steam Vac Dual V owners in having their Hoover Seam Vacs repaired;" Defendants knew or should have known form "tests and studies" that the Hoover Steam Vac Dual V were defective, that there were an "extraordinarily large number of warranty claims" and that Defendants knowing of the defect, failed to provide the necessary number of replacement parts causing extreme delays" to Hoover Steam Vac Dual V owners). Complaint at ¶¶ 16 and 18(a)-(c). The Complaint goes on to provide additional detail, which allows Defendants to adequately evaluate the claim and formulate their defenses. See Complaint at  ¶ 26 (detailing Plaintiff's attempts to remedy the problems with the Hoover Steam Vac Dual V); ¶ 28 (identifying the length of time the Hoover Steam Vac Dual V was at the service center); and ¶ 30 (providing an example of the opportunities Defendants had to remedy their wrongdoing).

      Clearly, the Complaint meets the pleading standards necessary to survive a motion to dismiss that are articulated by the Supreme Court in *Twombly* and its progeny.  Plaintiff has "nudged" her claims across the line from "conceivable to plausible" and given Defendants fair

notice of claims asserted and the grounds upon which they rest. For these reasons, and the reasons described below as to each cause of action, Defendants' Motion to Dismiss the Pleadings should be denied.

### Counts: I-II:
### Florida Deceptive & Unfair Trade Practice Act

**A. Plaintiff has stated a cause of action for violation of Florida Deceptive and Unfair Trade Practices Act, pursuant to Rule 8 F.R.C.P.**

Plaintiff satisfies the pleading requirements for Counts I and II of the Complaint asserting violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). The elements of FDUTPA are as follows: (1) a deceptive act or practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). A "deceptive act or practice" is defined such that "[a] practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" *Willard v. Home Depot, U.S.A., Inc.*, No. 5:09-cv-110/RS-MD slip. op. (N.D. Fla. June 29, 2009). Plaintiff alleges deceptive practices including, inter alia, that Defendants failed to comply with its warranty, Defendants failed to inform Plaintiff of their inability to comply with warranty (during the two months it sat awaiting repair (*see* ¶ 28)) and that Defendants diverted necessary parts from repair stations to the construction of new Hoover Steam Vac Dual V. Complaint at ¶¶ 52(f), (g), (h). These allegations are reasonably construed as offensive to public policy, unscrupulous and substantially injurious to consumers, including Plaintiff.

Further, Plaintiff has fulfilled the pleading requirement for the second element, causation, because causation is sufficiently alleged "if a reasonable person would have relied on the representations." *Moss v. Walgreen Co.*, 765 F. Supp. 2d 1363, 1368 (S.D. Fla. 2001). Plaintiff is therefore, not required to plead what she actually saw, instead it is sufficient for Plaintiff to

allege that she "was exposed to … advertising claims [and] purchased [the product]." *Id.* Plaintiff has adequately alleged that Defendants "designed, manufactured, marketed, and distributed products such as vacuums, carpet cleaners, steam cleaners, and air purifiers." Complaint at ¶1. Plaintiff goes on to explain that "[t]he marketing of the Hoover Steam Vac Dual V was deceptive and misleading to consumers because the product fell short when used under conditions consistent with the intended purpose." Complaint at ¶2. Sufficient to show causation, a reasonable person would rely on the alleged misrepresentations of "the nature, standard, quality, characteristics, uses and benefits of Hoover Steam Vacs" associated with a product that was marketed and sold for more than $200. Complaint at ¶¶52(a) and 2. Additionally, a reasonable person may rely on the implicit representation that the Steam Vac is "dependable," "suitable for ordinary use," and "of good workmanship, materials and design" when purchased for more than $200.  Complaint at ¶¶22   23 and 2. Further, a reasonable person may rely on language like that quoted from Defendants' warranty, which exemplifies the type of misrepresentations related to defects and workmanship ("Your HOOVER® appliance is warranted in normal household use, in accordance with the Owner's Manual against original defects in material and workmanship"). Complaint at ¶¶20-21. Reading all of these allegations as if true, Plaintiff has surpassed the pleading requirement to allege causation.

  Finally, Plaintiff alleges actual damages in the Complaint, whereas Plaintiff was without the use of her new Hoover Steam Vac Dual V for at least two months while waiting for repair, Defendants failed to provide alternative steam cleaning services, and Plaintiff spent a substantial sum of money on a product that is now believed to have been defective from the onset of its production. See e.g. Complaint, ¶¶28 and 2.

For these reasons, and the reasons below, Defendants' Motion to Dismiss as to Counts I-II of the Complaint, should be denied as a matter of law.

B. **Plaintiff is not required to plead her FDUTPA claim pursuant to Rule 9(b), F.R.C.P., because her FDUTPA claim is not a claim for fraud or mistake.**

Defendants contend that a heightened pleading standard is required under Rule 9(b) when making a claim under FDUTPA. However, the language of Rule 9(b) clearly applies only to counts of fraud or mistake. Fed. R. Civ. P. 9(b) (reading as follows: "FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally"). Further, Defendants' argument is misplaced as it inaccurately portrays the holding in *Jovine v. Abbott Laboratories, Inc,.* 795 F. Supp. 2d 1331 (S.D. Fla. 2011). *Jovine*, only briefly mentions Fed. R. Civ. P. Rule 9(b) in a footnote that happens to be in a section discussing the plaintiff's claim under FDUTPA. 795 F. Supp. 2d 1331, ftnt 9 (S.D. Fla. 2011). The court granted the defendant's motion to dismiss as to the FDUTPA claim in *Jovine* because the statute does not provide for damages beyond the purchased price of the product not because the plaintiff failed to satisfy the heightened pleading requirement in Rule 9(b). *Id*. at 1344. Instead, the court in *Jovine* discusses Rule 9(b) in tangential dicta, after the court notes that the plaintiff attempted to argue that "fraudulent conduct is necessarily a deceptive and unfair trade practice and therefore constitutes a FDUTPA violation." *Id*. at ftnt 9. The court, however, refused to address this "implicit argument … for plaintiff has failed to allege a claim for fraud." *Id*. Therefore, contrary to Defendants' suggestion, the Court in *Jovine* never held the plaintiff to the Rule 9(b) pleading standard for their FDUTPA claim and there is no reason for the Court to do so in the instant cause.

Additionally, Defendants fail to cite the clear authority refusing to apply the heightened pleading requirement to FDUTPA claims, absent allegations of fraud. *See Siever v. BWGaskets, Inc,.* No. 6:08-cv-1388-Orl-19GJk, WL 528624, (M.D. Fla. Mar. 2, 2009) (applying the Rule 8(a)(2) standard because Rule 9(b) only applies to FDUTPA claims grounded in fraud); The *State of Fla., Office of Attorney Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288 at 1310-11 (S.D. Fla. 2005) (concluding that compliance with Rule 9(b) was not required because FDUTPA plaintiffs are not required to prove elements of fraud). Fraud, however, is not a required element of a FDUTPA claim, and Plaintiff does not make allegations specific to Counts I or II that require any specific scienter from Defendants. *See* Complaint, ¶¶ 49 62. Therefore, Rule 9(b) does not properly apply in determining the sufficiency of Plaintiff's pleading. If, however, the Court finds some reason to believe Plaintiff has alleged fraud as a fundamental part of her FDUTPA claim and therefore Rule (9)(b) is applied, plaintiff still meets the heightened pleading requirements for the reasons demonstrated above.

Defendants' Motion to Dismiss as to Counts I-II should be denied as a matter of law because Plaintiff was not required to plead in accordance with Fed. R. Civ. P 9(b) and Plaintiff has otherwise adequately pled her claim for violation of FDUTPA.

### Counts III-IV:
### Violation of Magnuson-Moss Warranty Act

Defendants contend that Plaintiff has failed to allege a statutory prerequisite, which Defendants refer to as a "notice" requirement, for a class action to make a claim under the Magnuson-Moss Warranty Act (hereinafter referred to as "MMWA"). The "notice" requirement in the MMWA is a bifurcated issue comprising of a reasonable "opportunity to cure" and separate notice by a "named plaintiff" to a "defendant," that they are to act on behalf of a class.

Plaintiff has satisfied both of these requirements in her pleadings and therefore, Defendants' motion to dismiss Counts III- IV should be denied.

Additionally, Defendants argue that state law express warranty claims are barred due to lack of privity, therefore, barring Plaintiff's MMWA claim. However, Defendants fail to account for the complexities in privity requirements for warranties in Florida substantive law, whereby no privity is required for a breach of express warranty claim. As Plaintiff adequately pled claims for breach of express warranty, so too has Plaintiff pled claims for violation of the MMWA. As Defendants' arguments as to the State law requirements for pleading breach of express warranty fail, Defendants' arguments to dismiss the counts under the MMWA also fail and therefore Defendants' Motion to Dismiss as to Counts III   IV should be denied.

### A. Plaintiff has satisfied any requirement under MMWA for an opportunity to cure a defect.

Plaintiff has met and properly alleged the requirements under the MMWA, which contemplate an opportunity for a warrantor to cure their failure to comply with an obligation under a warranty. Defendants only thinly suggest that Plaintiff has not met this requirement, but make no argument that addresses the opportunity to cure. *See* Motion to Dismiss p.6. Not only has Plaintiff adequately pleaded Defendants' opportunity to cure the defect, but Defendants' alleged knowledge of the defect creates an exception to this requirement.

Plaintiff has properly alleged that Defendants had the opportunity to cure the defect while she waited more than two months for her Hoover Steam Vac to be repaired. Complaint at ¶28. Plaintiff's allegations are enough to satisfy the requirement of a reasonable opportunity to cure the defect. *Spencer v. Golden Rule, Inc.*, 03A01-9503-CV-00088, 1995 WL 422656 (Tenn. Ct. App. 1995) (holding that because the defendant had approximately three months to cure the

defect between the time of its failure and the time of the plaintiff's civil warrant, the defendant was "afforded a reasonable opportunity to cure").

Plaintiff is otherwise permitted to an exception of the notice and opportunity to cure requirement under the MMWA, alluded to in Defendants' Motion to Dismiss. Florida's interpretation of U.C.C. § 2-607 (adopted as Fla. Stat. § 672.607(3)(a)) holds that the UCC notice requirement has two exceptions and that "[d]irect notice is not required when … the seller has actual knowledge of the defect of the particular product." *In re McDonald's French Fry Litigation,* 503 F. Supp. 2d 953,956 (2007); *see also Stella v. LVMH Perfumes and Cosmetics USA, Inc.*, 564 F. Supp. 2d 833 at 837 (2008). Therefore, the "opportunity to cure the defect" pleading requirement is satisfied by an allegation that a defendant knew of the alleged defect at the time of sale. *Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 754 (N.D. Ohio 2001); *see also McFadden v. Dryvit Sys., Inc.*, 54 UCC Rep. Serv. 2d 934 (D. Or. 2004) *report and recommendation adopted,* CV 04-103-ST, 2004 WL 2852554 (D. Or. 2004). Therefore, Plaintiff has satisfied this requirement as Plaintiff specifically alleges that defendants "knew or should have known, of the aforesaid defects." Complaint ¶ 18(a) - (c) and ¶ 19(a) - (c).

Notwithstanding Plaintiff's sufficient pleading and the exception stemming from Defendants' alleged knowledge of the defect, the question of notice/ opportunity to cure is a question for the jury to decide. *See Label v. Rampage Sport Fishing Yachts*, no. 06-61890-CIV (S.D. Fla. June 14, 2007) (holding that although "[MMWA] and Florida law require that warrantor be given reasonable notice and opportunity to cure, whether such reasonable notice and opportunity were given here are questions of fact for a jury to decide").

For the above reasons, Defendants' Motion to Dismiss as to Counts III-IV should be denied.

### B. The Court should not read MMWA to require specific notice of a class action prior to filing a suit.

Defendants wish to read the MMWA as requiring pre-suit notice to warrantors in class actions based on the following language: "such reasonable opportunity will be afforded by the named plaintiffs and they shall at that time notify the defendant that they are acting on behalf of the class." 15 U.S.C. sec. 2310(e). Additionally, Defendants have cited to two Federal District courts that have made an extreme interpretation of the MMWA pertaining to notice requirements for class actions. Motion to Dismiss pp.7-8 (citing to *Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932 (M.D. Tenn. 2010), which follows *Stearns v. Select Comfort Retail Corp.*, Case No. 08-2746, 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009)). Despite Defendants' reliance on the scant case law, neither the Eleventh Circuit nor any Federal District court in Florida has had the opportunity to provide guidance on this issue. For several other reasons, Defendants' reliance on these cases and misdirected interpretation are inapposite.

Not only is Defendants' authority non-binding, but Defendants' reading of the MMWA is wholly inconsistent with the Legislative History of the MMWA; the result creates an artificial and unintended requirement on Plaintiff. The Legislative History of 15 U.S.C sec. 2310 (e) suggests that class actions are allowed, without pre-suit notice, at least to the point of establishing representative capacity of the named plaintiff. See HOUSE REPORT No. 93-1107, 1974 U.S.C.C.A.N. 7702, 7724-25 ("Subsection (e) prohibits the bringing of any action … A limited exception to this prohibition is made in the case of class actions. The class action may be brought but may only be carried to the point of establishing the representative capacity of the named plaintiff until those named plaintiffs afford the defendant the opportunity to cure the breach while notifying him that they are acting on behalf of the class").

Additionally, despite Defendants' contention, at least one court has found that unless notice is *required by the warranty*, notice prior to the commencement of a class action under the MMWA is not required. *Mendelson v. Gen. Motors Corp.*, 105 Misc. 2d 346, 353, 432 N.Y.S.2d 132, 136 (N.Y. Sup. Ct. 1980) *aff'd,* 81 A.D.2d 831, 441 N.Y.S.2d 410 (N.Y. App. Div. 1981). The finding in *Mendelson* is consistent with the Legislative History of the MMWA, where in Congress encourages warrantors to establish procedures whereby consumer disputes are fairly and expeditiously settled through informal dispute settlement mechanisms. HOUSE REPORT No. 93-1107, 1974 U.S.C.C.A.N. 7702, 7722 ("One or more suppliers could establish an informal dispute settlement procedure which is in accord with the FTC's rules"). However, even in those circumstances, the Legislative History provides "the action may be brought so that the court can determine whether it may be maintained as a class action and to determine the membership of the class." *Id*. Clearly, the Legislative History and *Mendelson* are of the same vein, the warrantor may craft pre-suit requirements to challenge a warranty with explicit language of the warranty  notwithstanding such requirements; congress conceptualized specific procedural exceptions for a putative class. Here, Defendants' warranty does not require any specific notice and therefore, Plaintiff should not be charged with any such requirement.

The Court should also consider that at the time of filing this action, such an extreme interpretation as Defendants wish to enforce, did not exist in any jurisdiction. This cause was originally brought in the Circuit Court in and for Alachua County in 2005, at which time there was no precedential law, persuasive law, or other guidance that required pre-suit notice from a prospective named plaintiff to a warrantor that an action *would be filed* on behalf of a class. In fact, in 2005, an exhaustive search would only reveal the holding in *Mendelson*, discussed above. A requirement for pre-suit notice would functionally require one of two circumstances: 1) the

consumer is savvy enough with the law to read into this requirement and notify the warrantor of her intention to act on behalf of a class before taking any formal action or 2) the consumer with a potential breach of warranty claim to seek legal counsel, first to evaluate the relative success of her claim and available causes of action; then require said legal counsel to agree to informally negotiate with the warrantor without any guarantee of proprietary claim to the representation or assurance of the warrantor's willingness to bargain as to a putative class. Such a requirement is difficult to imagine, is unprecedented in practice and impractical in application.

     As an instructive exercise, it is helpful to review the purpose behind other notice requirements for breach of warranty causes of action, which may work in conjunction with the MMWA. As Defendants' accurately represent, "The [Magnuson-Moss] Act does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1200 n. 14 (N.D. Ga. 2005), *citing Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986). Therefore, the purpose behind various states' adoptions of the UCC notice requirement may be persuasive in deciding what pre-suit notice requirement to read into the MMWA. Clearly courts have determined that the function of pre-suit notice is to encourage the opportunity for settlement. *See Stella v. LVMH Perfumes and Cosmetics USA, Inc.*, 564 F. Supp. 2d 833 at 836-837 (N.D. Ill. 2008) ("pre-suit notice as required by the UCC and the MMWA … is … to encourage pre-suit settlement negotiations"); *see also In re McDonald's French Fries Litigation*, 503 F. Supp. 2d 953 at 956 (N.D. Ill. 2007) (noting that the pre-suit notice required under Fla. Stat. § 672 is to encourage settlement negotiations). However, where pre-suit notice is not given and the same result is obtained, the Court should strongly question applying such an arbitrary requirement with a prejudicial effect. Since April 2007, this cause has been in an almost

continuous stay and the docket reflects ongoing negotiations. *See* Docs. 49, 50 and 53. Defendants have had ample opportunity to settle the claims made against them. To the extent that there is a requirement for pre-suit notice in the MMWA, the reasonable purpose behind such a requirement is not defeated in the instant cause, because Plaintiff has taken every good faith effort to resolve issues without the Court's involvement.

Further, Defendants are not prejudiced without pre-suit notice, as they have had ample time to explore alternative means of resolution or otherwise prepare their defense. In fact, it is noteworthy that to date, more than 5 years after the filing of the original complaint, Defendants have not filed a responsive pleading. Defendants should not rely on a questionably applied technicality to defeat Plaintiff's claim where Defendants have suffered no prejudice and where for all practical purposes that technicality was inherently satisfied through the procedural history of the cause. On the other hand, to read the MMWA with Defendants' extreme interpretation would irreparably prejudice Plaintiff and the putative class.

Defendants' Motion to Dismiss as to Counts III-IV should therefore, be denied as a matter of law and equity.

### C. **Privity is not a requirement for breach of express warranty claims under Florida Law.**

Under Florida law, there is a cause of action for breach of an express warranty if the consumer can allege and prove that the manufacturer did not comply with the express warranty's terms. § 672.313, Fla. Stat. (2006). Defendant does not take issue with any inadequacy of Plaintiff's pleading as to breach of warranty, Defendants merely suggest that Plaintiff is required to be in privity and is not, thereby defeating her claim for breach of express warranty. However, as a matter of law, Plaintiff has satisfied the pleading requirements for breach of express

warranty and Florida Law does not require privity for such claims. Therefore, Defendants' Motion to dismiss as to counts III – VI should be denied as a matter of law.

A categorical application of Defendants' properly cited authority would result in a misapplication of Florida law. Defendants heavily rely on *T.W.M. v. American Medical Systems, Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (Vinson, J.). However, in reviewing *T.W.M* closely, it is unclear whether the warranty was ever even delivered to Plaintiffs. *See id*. Therefore, *T.W.M* presents an acutely distinguishable case from the instant facts, where Plaintiff clearly received the warranty upon purchase of the Defendants' product establishing any necessary privity, if even required, between manufacturer and consumer. Complaint at ¶21. Defendants rely on other authority that is clearly distinguishable from the instant case and therefore, does not bar Plaintiff's claim as a matter of law. For example, in *Fields v. Mylan Pharmaceuticals, Inc*., the Court dismissed one count in the plaintiff's complaint, which alleged breach of warranty generally, but did not allege privity. 751 F.Supp.2d 1257, 1259 (N.D. Fla. 2009) (Smoak, J.). In the instant cause, to the extent required, Plaintiff alleged privity by alleging the existence of the express warranty that Defendants extended to Plaintiff through her purchase of Defendants' product. Complaint at ¶ 20. Defendants' reliance on *O'Connor v. Kawasaki Motors Corp., U.S.A.* is defective for yet another reason. 699 F. Supp. 1538 (S.D. Fla. 1988). In *Kawasaki*, the plaintiff rented a jet ski that was manufactured by defendants and the court refused to find that there was the requisite "buyer-seller" relationship required in Fla. Stat. § 672.313. *Id*. at 1543. In the instant case, Plaintiff was not a renter, she clearly purchased the product subject of the action, which was manufactured and distributed for sale by Defendants. *See* Complaint at ¶¶ 16 and 1. For these reasons, Defendants' arguments as to why Plaintiff's warranty claims should be dismissed do not withstand a more critical review and therefore should be denied.

Despite Defendants' primer on Florida's economic loss rule, Defendants do not account for the fact that Florida courts have expressly enforced written warranties in suits brought under the MMWA against manufacturers where privity did not exist between the manufacturer and the consumer. *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 751 (Fla. 4th DCA 2006) (holding purchasers of a used car could pursue a breach of express warranty claim against the manufacturer, who had issued a written warranty); See also *Fischetti v. Am. Isuzu Motors, Inc.,* 918 So.2d 974 (Fla. 4th DCA 2005); *Mesa v. BMW of N. Am., LLC,* 904 So.2d 450 (Fla. 3rd DCA 2005) (holding plaintiff could pursue an express warranty claim against warrantor BMW). The Florida Supreme Court has recognized that there are circumstances that should clearly not require privity to bring a breach of express warranty against a manufacturer. *See Hoskins v. Jackson Grain Co.*, 63 So. 2d 514 (Fla. 1953). Many other states are following this trend and have done away with the privity requirement in cases involving a manufacturer's express warranty. *See, e.g., Kinlaw v. Long Mfg. N. C., Inc.,* 298 N.C. 494, 259 S.E.2d 552, 557 (1979) ("Authority from most other jurisdictions holds that a purchaser who relies upon a manufacturer's representations can recover for breach of an express warranty despite lack of privity.").

A logical review of the facts in this cause falls in line with allowing the end user a cause of action for a breach of express warranty against the manufacturer. It defies common sense to argue that purchasers of a Hoover Steam Vac presumed that the cashier at her local Wal-Mart store is familiar with the design of the product and therefore should be held liable under the warranty. *See Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336 at 1343 (S.D. Fla. 2009). Wal-mart cashiers do not inspect the Hoover Steam Vacs for quality, nor is it realistic for the retailer to be fully apprised and educated on the terms, representations or guarantees made in the

manufacturer's warranty to the consumer. It only makes logical sense to hold the manufacturer, the creator of the warranty terms, liable for a failure to comply with those terms. *Id*.

Notwithstanding the arguments above, Defendants' Motion to Dismiss on the issue of lack of privity is a question for the jury and should be reserved for such a review. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) ("whether a party is in privity with another for preclusion purposes is a question of fact").

For all of the reasons stated, Defendants' Motion to Dismiss as to Counts III - IV should be denied.

### Counts V-VI:

### Breach of Express Warranty

As properly noted by defendants in their motion to dismiss, the issues at bar regarding MMWA, and state law express warranty claims are the same. Defendants' Motion to Dismiss must be denied as to Counts V   VI for the same reasons as discussed for Plaintiff's MMWA claims, Sec. C., *supra*.

### Counts IX-X
### Unjust Enrichment

**A.  Plaintiff adequately pleads unjust enrichment as an alternative cause of action.**

Defendants argue that Plaintiff's "unjust enrichment claims fail[s] because plaintiff fails to clearly allege that her legal remedies are inadequate." Motion to Dismiss p. 13. However, Plaintiff has clearly met the burden by alleging the cause of action in the alternative. Plaintiff "may include relief in the alternative" when formulating her complaint. Fed. R. Civ. P. 8(a)(3); *see United Technologies Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009) -- ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading

is sufficient if any one of them is sufficient"). Plaintiff alleges "in the alternative… for any reason the claims under this action lack an adequate remedy at law… [Plaintiff] request[s] equitable relief from Defendants… [under] the legal theory of unjust enrichment." Complaint at ¶¶96 and 104. Defendants seem to question Plaintiff's likelihood of success on these claims, instead of addressing whether they are adequately pled. However, the Complaint should not be dismissed simply because it is doubtful that Plaintiff will be able to prove all of the necessary factual allegations. *Twombly,* 550 U.S. at 555. At the time of pleading, with limited information, Plaintiff is afforded a certain amount of discretion and should survive a motion to dismiss even if it appears 'that a recovery is very remote and unlikely. *Id*. at 556.

To rule in favor of Defendants would ignore seemingly well established practice in Federal courts, which have even recently allowed the pleading of unjust enrichment in the alternative. *See e.g. Williams v. Wells Fargo Bank N.A.*, 11-21233-CIV, 2011 WL 4901346 (S.D. Fla. 2011)[1] (denying the defendants' motion to dismiss as to the plaintiffs' unjust enrichment claim, where the plaintiffs had also alleged breach of contract, among other claims for relief).

Defendants heavily rely on two cases in their argument against the adequacy of Plaintiff's pleading for unjust enrichment. Motion to Dismiss pp. 13 – 16 (citing *Nichols v. WM. Wrigley Jr. Co.*, Case No. 10-80759-CIV, 2011 WL 181458 (S.D. Fla. 2011) and *Gary v. D. Agustini & Asociados, S.A.,* 865 F. Supp. 818, 827 (S.D.Fla.1994)). Both of these cases are inapplicable to the instant case. Defendants through their own Motion to Dismiss, although inappropriately, have raised questions as to whether Plaintiff has a sustainable factual basis for any other legal claim against Defendants. In fact, Defendants have attacked Plaintiff's pleading not merely for technicalities of that pleading, but Defendants raise factual questions such as "how …[these

---

[1] A copy of the *Williams* operative complaint may be located on the docket for the Southern District of Florida, Case No.: 11-21233-CIV at Document No.: 44.

allegations] relate to this case." Motion to Dismiss p. 5 (referring to Plaintiff's claim for violation of FDUTPA, raising the question if there is right to a cause of action at all); see also Motion to Dismiss pp. 9 - 13 (questioning whether Plaintiff has grounds to bring a breach of warranty action, bringing to issue the factual determination of privity). Defendants' denial of the existence of a contract with Plaintiff is enough to make Plaintiff's claim for unjust enrichment plausible and therefore appropriately plead in the alternative. In fact, it was this very reasoning on which the Southern District of Florida relied in declining to follow *Gary*, and finding that the plaintiff had adequately stated a cause of action for unjust enrichment. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997) (declining to follow *Gary v. D. Agustini & Asociados, S.A.,* 865 F. Supp. 818, 827 (S.D.Fla.1994) because defendant in *ThunderWave* denied the existence of an express contract therefore finding that the plaintiff properly presented the claim for unjust enrichment); *see also Williams v. Wells Fargo Bank N.A.*, 11-21233-CIV, 2011 WL 4901346 (S.D. Fla. 2011). *Nichols* provides an equally unhelpful conclusory guidance, stating that that where there is an actionable remedy at law, even if not pursuable, there is no claim for unjust enrichment. *Nichols v. WM. Wrigley Jr. Co.*, Case No. 10-80759-CIV, 2011 WL 181458 (S.D. Fla. 2011). A summary application of the requirements for alleging unjust enrichment, as seen in *Nichols* and *Gary*, will invariably produce a result that runs afoul of the Federal pleading standards and precedential case law.

Therefore, Defendants Motion to dismiss as to Counts IX   X, should be denied.

## Conclusion

Plaintiff has adequately pled her claims and therefore, respectfully requests the Court deny the Defendants' Motion to Dismiss in its entirety.

Dated this 19th Day of June, 2012

                                            Respectfully Submitted,

                                            _/s/ Paul S. Rothstein_
                                            Paul S. Rothstein
                                            Attorney for Plaintiff
                                            Florida Bar No.: 310123
                                            626 N. E. First Street
                                            Gainesville, Florida 32601
                                            Phone: (352) 376-7650
                                            Fax: (352) 374-7133
                                            E-mail: psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 19, 2012 I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                            _/s/ Paul S. Rothstein_
                                            Paul S. Rothstein