**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

JENNIFER HILL,
on behalf of herself and all other
persons similarly situated,

       Plaintiff,

v.                                    CASE NO.: 1:06-CV-00096-SPM-GRJ

THE HOOVER COMPANY and
HOOVER COMPANY, I,
Foreign Corporations doing business
in Alachua County, Florida,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

       THIS CAUSE comes for consideration upon Defendants' Motion to Dismiss

Plaintiff's Second Amended Class Action Complaint and Incorporated Memorandum

in Support (doc. 86) ("Motion to Dismiss") pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The

plaintiff filed Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

and Incorporated Memorandum of Law (doc. 91).  For the reasons set forth below,

the Court grants the Defendants' Motion to Dismiss in part and denies in part.

## I.    BACKGROUND FACTS

On or about December 21, 2003, Jennifer Hill ("Plaintiff") purchased a brand new Hoover Steam Vac™ Dual V™ Deep Cleaner ("Steam Vac"), which is manufactured by The Hoover Company and Hoover Company I (together "Defendants"), for her personal use from a Wal-Mart store in Gainesville, Florida. (Pl.'s Compl. ¶ 15).  At the time of the Plaintiff's purchase, the Steam Vac was being marketed for a retail price of over two-hundred dollars ($200).  (Pl.'s Compl. ¶ 3). The Plaintiff alleges that, unbeknownst to her, the Steam Vac was defective in design, manufacture, and workmanship.  (Pl.'s Compl. ¶ 16-17).  As a result of these defects, the Plaintiff's Steam Vac failed to function properly, as "the clean water tank was leaking water from the bottom valve, one of the plastic handles for the tanks had broken, and one of the plastic cord hooks had broken."  (Pl.'s Compl. ¶ 26).  Consequently, the Plaintiff delivered the Steam Vac to Authorized Appliance and Tool Service ("Authorized Appliance") within the warranty period for repairs. (Pl.'s Compl. ¶ 26).

Newly purchased Steam Vacs manufactured by the Defendants come standard with a warranty.  The Defendants' warranty explicitly states that, "Your Hoover® appliance is warranted in normal household use, in accordance with the Owner's Manual against original defects in material and workmanship for a period of one full year from date of purchase."  (Pl.'s Compl. ¶¶ 20-21).  The Plaintiff alleges that she complied with the terms of the Defendants' warranty by (1)

purchasing the Steam Vac from a Wal-Mart store; (2) delivering the faulty Steam Vac to Authorized Appliance; (3) presenting proof of purchase to Authorized Appliance; and (4) affording the Defendants an opportunity to repair, replace, or refund the price of the Steam Vac within a reasonable time.  (Pl.'s Compl. ¶ 29).

Upon delivery of the Steam Vac to Authorized Appliance for repairs, the Plaintiff was informed that Authorized Appliance had received several Steam Vacs with malfunctioning clean water tanks, and that the Defendants were allegedly redesigning the clean water tank of the Steam Vac.  (Pl.'s Compl. ¶ 26).  Since the clean water tank was on back order, Authorized Appliance was unable to complete the repair of the Plaintiff's Steam Vac for nine and one-half weeks.  (Pl.'s Compl. ¶ 27).  As such, Authorized Appliance was unable to timely repair the Steam Vac prior to the institution of the instant action.

In addition to the warranty described above, the Plaintiff alleges that the Defendants made several other representations and warranties, whether express or implied, which the Defendants failed to satisfy.  (Pl.'s Compl. ¶¶ 22-31).  The Plaintiff specifically alleges that these representations and warranties include: (1) that the Steam Vac was a dependable vacuum steam cleaner; (2) that the Steam Vac was suitable for ordinary use; (3) that the Steam Vac was of good workmanship, materials and design; and (4) that defects in the design of the Steam Vac would be remedied and repaired in a timely and efficient manner.  (Pl.'s Compl. ¶¶ 22-25).

Case No.: 1:06-CV-00096-SPM-GRJ

As a result of the aforementioned conduct, the Plaintiff brought the instant action against the Defendants alleging (a) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat., §§ 501.201-213; (b) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; (c) breach of express warranty; (d) breach of implied representations and warranties; and (e) unjust enrichment.[1]  The Defendants seek to dismiss all five causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.    STANDARD OF REVIEW

When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), the Court looks to the plausibility standard as set forth in Twombly and Iqbal.  See generally Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Pursuant to Federal Rule of Civil Procedure 8(a)(2), Plaintiff is only required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id.  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Generally, the Court accepts a plaintiff's allegations as true.  Twombly, 550 U.S. at 555.  Yet, any allegations which are merely legal conclusions are not entitled

---

[1] The Plaintiff's complaint is structured as a ten count complaint consisting of five claims pleaded separately against The Hoover Company and Hoover Company I.  For the purposes of this Order, the ten counts are consolidated into the five claims since the conduct of each defendant is the same for each claim.

to an assumption of truth.  <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing <u>Iqbal</u>, 556 U.S. at 678).  After an initial identification of factual allegations, the Court assumes the truth of the well-pleaded factual allegations and determines if those allegations plausibly give rise to relief.  <u>Iqbal</u>, 556 U.S. at 679.  A complaint is adequate if it contains sufficient factual matter to state a claim to relief that is plausible on its face.  <u>Id</u>.  Facial plausibility is established when the Court can draw a reasonable inference from the factual allegations that a defendant is liable for the misconduct alleged.  <u>Speaker v. U.S. Dep't of Health and Human Servs. Centers for Disease Control and Prevention</u>, 623 F.3d 1371, 1380 (11th Cir. 2010) (citing <u>Iqbal</u>, 556 U.S. at 678).

**III.   DISCUSSION**

**(a) Counts I-II: Florida Deceptive and Unfair Trade Practices Act**

The Defendants argue that the Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") should be dismissed on two grounds. First, the Defendants argue that the Plaintiff's allegations consist solely of conclusions and formulaic recitations and thus do not meet the pleading standard of Rule 8(a) as interpreted by <u>Iqbal</u> and <u>Twombly</u>.  Second, the Defendants argue that the Plaintiff has failed to plead with specificity her FDUTPA claim under the heightened pleading standard of Rule 9(b).  The Court will first address whether the heightened pleading standard of Rule 9(b) applies to the Plaintiff's claim, and then address whether the Plaintiff has adequately pleaded her claim under the

appropriate pleading standard.

*(i) Applicability of Rule 9(b) to the Plaintiff's FDUTPA claim.*

The Defendants argue that the Plaintiff has failed to plead her FDUTPA claim with the specificity required under the heightened pleading standard of Rule 9(b), drawing analogy to the application of Rule 9(b) to a plaintiff's FDUTPA claims in Jovine v. Abbott Laboratories, Inc., 795 F. Supp. 2d 1331 (S.D. Fla. 2011).  (Defs.' Mot. to Dismiss 5-6).  More specifically, the Defendants argue that the Plaintiff failed to satisfy the heightened pleading standard of Rule 9(b) because the Plaintiff failed to (1) identify any specific packaging or advertising materials, (2) quote any allegedly false language, and (3) allege when or where the Plaintiff saw any allegedly false advertisements.  Id.

The Plaintiff argues that the heightened pleading standard of Rule 9(b) does not apply to her FDUTPA claim because the Plaintiff is not alleging fraud as the basis of her claim.  The Plaintiff further argues that the Defendants inaccurately portrayed the holding in the Jovine case as requiring all FDUTPA claims to satisfy the heightened pleading standard of Rule 9(b).  (Pl.'s Resp. 7).

The Court finds that the Defendants' use of Jovine for the proposition that the heightened pleading standard of Rule 9(b) should apply to the Plaintiff's FDUTPA claim is inapposite.  In Jovine, the plaintiff's FDUTPA claims were separated into two categories: (1) those claims based on fraudulent conduct and (2) those claims based on unfair or unlawful conduct.  Jovine, 795 F. Supp. 2d at 1343-44.  The

court in Jovine applied Rule 9(b) to the those claims based on fraudulent conduct and applied Rule 8(a) to those claims based on unfair or unlawful conduct.  Id.  As discussed *infra*, the Plaintiff's claim is based on unfair or unlawful conduct.  As such, the Jovine case cannot be used to support the proposition that all FDUTPA claims, including the Plaintiff's claim, must be pleaded with the specificity required under Rule 9(b).  Therefore, the Court finds that the Plaintiff must plead her claim in accordance with the requirements of Rule 8(a).

*(ii) Application of Rule 8(a) to the Plaintiff's FDUTPA claim*.

The Defendants argue that the Plaintiff's FDUTPA claim consists solely of conclusions and formulaic recitations, and thus such claim should be dismissed since it does not meet the pleading standard of Rule 8(a), as interpreted by Iqbal and Twombly.  (Defs.' Mot. to Dismiss 4).  The Defendants argue that the Plaintiff's complaint "fails to state a cause of action because it does not adequately allege with any particularity any deceptive act or practice, i.e., it fails to identify the content of the allegedly false misrepresentations upon which the claim is based or when and where the plaintiff saw them."  Id.  The Plaintiff asserts that each element of her FDUTPA claim is properly pleaded in the Plaintiff's complaint in accordance with the pleading standard of Rule 8(a).  (Pl.'s Resp. 5-7).

The Florida Deceptive and Unfair Trade Practices Act makes unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  Fla. Stat.

§ 501.204(1).  The statute requires that Florida courts give "due consideration and great weight . . . to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act . . . ."  Fla. Stat. § 501.204(2).

In order to state a claim under the FDUTPA, a plaintiff must plead the following elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. 2d Dist. Ct. App. 2006); See also Virgilio v. Ryland Group, Inc., 680 F.3d 1329, n. 25 (11th Cir. 2012).  Thus, a plaintiff must allege the existence of a deceptive act or unfair practice in order to satisfy the first element of a FDUTPA claim.  Generally, the standard for proving the existence of a deceptive act is different than the standard for proving an unfair practice.  Courts have found the existence of a deceptive act where there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."  Millennium Commc'ns & Fulfillment, Inc. v. Office of the Attorney Gen., 761 So. 2d 1256, 1263 (Fla. 3d Dist. Ct. App. 2000)(citing Southwest Sunsites, Inc. v. Federal Trade Commission, 785 F. 2d 1431(9th Cir. 1986)).  In contrast, courts have found the existence of an unfair practice where such practice "offends established public policy and . . . [where such] practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489, 499 (Fla. 4th Dist. Ct. App. 2001)(quoting Spiegel, Inc.

<u>v. F.T.C.</u>, 540 F. 2d 287, 293 (7th Cir. 1976)(internal quotations omitted).[2]

The Court finds that the Plaintiff has sufficiently pleaded the first element of a FDUTPA claim.  The Plaintiff alleges that the Defendants' expressly and impliedly represented that Hoover Steam Vacs were (a) dependable vacuum steam cleaners; (b) suitable for ordinary use; and (c) of good workmanship, materials, and design, and free of material defects.  (Pl.'s Compl. ¶ 22-23).  The Plaintiff further alleges that these representations were false based on her actual experience since the Steam Vac was defective and failed to perform properly.  (Pl.'s Compl. ¶ 16-17). Additionally, the Plaintiff alleges that Authorized Appliance was unable to repair the Steam Vac for at least two months as the necessary parts manufactured by the Defendants were on back order.  (Pl.'s Compl. ¶ 27-28).  Thus, assuming these allegations are true, and taking those allegations in the light most favorable to the Plaintiff, the Plaintiff has adequately pleaded that the Defendants engaged in an unfair practice.

The Court also finds that the Plaintiff has sufficiently pleaded the second element of a FDUTPA claim, causation.  The Plaintiff specifically pleaded that the Defendants "made these representations and warranties and caused plaintiff and all other class members to purchase Hoover Steam Vacs."  (Pl.'s Compl. ¶ 22-23). Thus, assuming these allegations are true, and taking those allegations in the light

---

[2] The FTC's criteria for determining whether a practice is unfair is discussed further in Footnote 5 of the Supreme Court's Decision in <u>F.T.C. v. Sperry & Hutchinson Co.</u>, 405 U.S. 233, 243, 92 S. Ct. 898, 905 (1972).

most favorable to the Plaintiff, the Plaintiff has adequately pleaded causation.

Lastly, the Court finds that the Plaintiff has sufficiently pleaded the third element of a FDUTPA claim, damages.  The Plaintiff specifically pleaded that she purchased a Steam Vac which was marketed for a retail price of more than two-hundred dollars.  (Pl.'s Compl. ¶ 3, 15).  Additionally, as discussed *supra*, the Plaintiff sufficiently pleaded that the Steam Vac malfunctioned and that the Plaintiff was without its use for at least two months.  (Pl.'s Compl. ¶ 16-17, 27-28).  Thus, assuming these allegations are true, and taking those allegations in the light most favorable to the Plaintiff, the Plaintiff has adequately pleaded damages.

In sum, the Plaintiff has pleaded sufficient facts to support a claim for violation of the FDUTPA and survive a Rule 12(b)(6) challenge.  As such, the Defendant's motion to dismiss Counts I and II will be denied.

**(b) Counts III-IV: Violation of Magnuson-Moss Warranty Act**

The Defendants argue that Counts III and IV brought under the Magnuson-Moss Warranty Act ("MMWA") should be dismissed for two discrete reasons. (Defs.' Mot. to Dismiss 6).  First, the Defendants argue that the Plaintiff failed to allege that she provided notice to the Defendants of the alleged violation and an opportunity to cure, both of which are statutory prerequisites to asserting a class action lawsuit under the MMWA.  Second, the Defendants argue that since the MMWA does not provide the Plaintiff with an independent cause of action, but rather, requires that the Plaintiff establish a valid state law warranty claim in order

to bring forth an MMWA claim, the Court should dismiss the Plaintiff's claim. In support of this position, the Defendants argue that the Plaintiff's state law warranty claims (Counts V and VI) are barred due to lack of privity. (Defs.' Mot. to Dismiss 7). Since resolution of the second ground for dismissal would render the first ground moot, the Court will first address whether the Plaintiff's claim under the MMWA is barred due to lack of privity.

The Defendants argue that Florida courts uniformly hold that contractual privity between the plaintiff and the defendant is required to maintain both breach of express warranty claims and breach of implied warranty claims, citing Fields v. Mylan Pharmaceuticals, Inc., 751 F. Supp. 2d 1257, 1259 (N.D. Fla. 2009); T.W.M. v. American Medical Systems, Inc., 886 F. Supp. 842, 844 (N.D. Fla. 1995); and O'Connor v. Kawasaki Motors Corp., U.S.A., 699 F. Supp. 1538, 1543-44 (S.D. Fla. 1988). Further, the Defendants argue that since the Plaintiff has failed to allege that she purchased the Steam Vac directly from the Defendants, the Plaintiff has failed to plead the requisite element of privity for a breach of express or implied warranty action, and thus such an action should be dismissed.

In respect of the privity requirement, the Plaintiff responds by arguing that privity is not required for her to bring forth a state law warranty claim. (Pl.'s Resp. 9-17). In particular, the Plaintiff argues that the plain language of Fla. Stat. § 672.313 does not require a plaintiff to plead privity in a breach of express warranty claim, but rather, solely requires that a "consumer . . . allege and prove that the

manufacturer did not comply with the express warranty's terms."  (Pl.'s Resp. 14-15).  The Plaintiff also argues that the instant case is clearly distinguishable from the holdings in T.W.M., Mylan Pharmaceuticals, and Kawasaki Motors.  (Pl.'s Resp. 15).  Further, the Plaintiff refers to previously decided case law where courts have "expressly enforced written warranties in suits brought under the MMWA against manufacturers where privity did not exist between the manufacturer and the consumer."  (Pl.'s Resp. 16)(citing Rentas v. DaimlerChrysler Corp., 936 So. 2d 747, 751 (Fla. 4th Dist. Ct. App. 2006)).  Lastly, the Plaintiff draws analogy to Smith v. Wm. Wrigley Jr. Co., 663 F. Supp. 2d 1336 (S.D. Fla. 2009), for the proposition that it makes logical sense to hold the manufacturer liable for a failure to comply with the warranty.  (Pl.'s Resp. 16-17).

The Magnuson-Moss Warranty Act establishes federal standards in respect of both consumer implied warranties and written warranties.[3]  Under the terms of the MMWA, the definition of an implied warranty explicitly incorporates state law[4] and

---

[3] The MMWA specifically defines the term written warranties, as distinguished from the term express warranties.  The court in Walsh explained the difference in these terms as follows: "[An e]xpress warranty is defined in state law; the term encompasses both written and oral undertakings.  Congress ultimately decided that oral warranties need not be covered in the federal legislation unless and until they become more prevalent."  Walsh v. Ford Motor Co., 807 F.2d 1000, 1015 (D.C.Cir. 1986)(internal quotations omitted).  As such, the MMWA only covers written express warranties, leaving oral express warranties solely to state law.

[4] The MMWA defines an implied warranty as follows: "[t]he term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product."  15 U.S.C. § 2301(7)

thus, "state law governs the existence and basic meaning of implied warranties."

Walsh v. Ford Motor Co., 807 F.2d 1000, 1011 (D.C. Cir. 1986).  In respect of

written warranties, many courts disagree as to whether the MMWA provides a

claimant with an independent cause of action for written warranties, see e.g.,

Rentas v. DaimlerChrysler, 936 So. 2d 747 (Fla. 4th Dist. Ct. App. 2006); In re

McDonald's French Fries Litigation, 503 F. Supp. 2d 953 (N.D. Ill. 2007), or whether

the MMWA calls for the application of state law absent an expressly prescribed

regulating rule.  See Walsh v. Ford Motor Company, 807 F. 2d 1000 (D.C. Cir.

1986); Federick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190 (N.D. Ga.

2005); Schimmer v. Jaguar Cars, Inc., 384 F.3d 402 (7th Cir. 2004).

The Court finds the reasoning in Walsh persuasive, and thus interprets the

MMWA as borrowing state law causes of action for breach of both written and

implied warranties as a necessary condition for bringing forth an action under the

MMWA.  As such, in order to state a claim under the MMWA, the Plaintiff must

adequately plead a cause of action for breach of written or implied warranties under

Florida law.  As such, the Court must determine whether the Plaintiff has a state law

cause of action for breach of warranty.

Chapter 672, Florida Statutes, represents Florida's version of Article 2

(Sales) of the Uniform Commercial Code.  Pursuant to this chapter, express

warranties are created under the guidance of Florida Statutes § 672.313.  In

(emphasis added)

Case No.: 1:06-CV-00096-SPM-GRJ

interpreting this section, Florida courts have required a plaintiff to be in privity with

a defendant in order to recover for breach of express or implied warranty.  The court

in T.W.M. v. American Medical Systems, Inc., 886 F. Supp. 842 (N.D. Fla. 1995)

described the privity requirement as follows:

> The law of Florida is that to recover for the breach of a warranty,
> either express or implied, the plaintiff must be in privity of contract
> with the defendant.  Kramer v. Piper Aircraft Corp., 520 So. 2d 37
> (Fla. 1988); West v. Caterpillar Tractor Co., 336 So. 2d 80 (Fla. 1976).
> "Privity is required in order to recover damages from the seller of a
> product for breach of express or implied warranties." Intergraph Corp.
> v. Stearman, 555 So. 2d 1282, 1283 (Fla. 2d DCA 1990).  "A
> warranty, whether express or implied, is fundamentally a contract.  A
> contract cause of action requires privity."  Elizabeth N. v. Riverside
> Group, Inc., 585 So. 2d 376, 378 (Fla. 1st DCA 1991).

T.W.M., 886 F. Supp. at 844.  A plaintiff who purchases a product, but does not buy

it directly from the defendant, is not considered to be in privity with that defendant.

T.W.M., 886 F. Supp. 842, 844 (N.D. Fla. 1995)(citing 1 White & Summers, *Uniform

Commercial Code* § 11-2, at 528 (3rd ed. 1988)).

This Court finds that the Plaintiff has failed to sufficiently plead privity of

contract with the Defendants, and thus cannot bring forth a cause of action for

breach of written warranty or breach of implied warranty under both Florida law and

the MMWA.  The Plaintiff has failed to allege that she purchased the Steam Vac

directly from the Defendants, but rather, specifically alleged that she purchased the

Steam Vac from a third-party retailer.  As prior mentioned, a plaintiff who purchases

a product, but does not buy it directly from the defendant, is not in privity with that

defendant.  As such, a claim for breach of warranty cannot proceed as the Plaintiff

is unable to sufficiently allege privity.

The Plaintiff's reliance on <u>Rentas v. DaimlerChrystler</u> and <u>Mesa v. BMW of N. Am.</u> for the proposition that Florida courts enforce breach of warranty claims in the absence of privity is inapposite.  Each of the cases cited enforced a claim for breach of written warranty in the absence of privity on the basis of an independent cause of action under the MMWA.  Since this Court determined, *supra*, that the MMWA only borrows state law causes of action, such cases are rendered unpersuasive because Florida law requires privity of contract in order to bring forth a breach of written warranty claim.  Further, the Court finds Plaintiff's analogy to <u>Smith v. Wm. Wrigley Jr. Co.</u>, 663 F.Supp. 2d 1336 (S.D. Fla. 2009) unpersuasive. The analysis in <u>Wrigley</u> relied in large part on the <u>Rentas</u> and <u>Mesa</u> cases, which themselves were based on an independent cause of action under the MMWA. Having already discussed *supra* that these cases are at odds with the Court's view of the MMWA, the Court finds the <u>Wrigley</u> case unpersuasive.

In sum, the Plaintiff has failed to plead that she was in privity with the Defendants, and thus cannot bring forth a claim for breach of express or implied warranties under Florida law.  As such, the Defendant's motion to dismiss Counts III and IV will be granted.

### (c) Counts V-VI: Breach of Express Warranty

As discussed *supra*, the Plaintiff has failed to plead that she was in privity of contract with the Defendants, and thus cannot bring forth her claim for breach of

express warranty.  As such, Defendants' motion to dismiss Counts V and VI will be granted.

**(d) Counts VII-VIII: Breach of Implied Representations and Warranties**

As discussed *supra*, the Plaintiff has failed to plead that she was in privity of contract with the Defendants, and thus cannot bring forth her claim for breach of implied warranties.  As such, Defendant's motion to dismiss Counts VII and VIII will be granted.

**(e) Counts IX-X: Unjust Enrichment**

The Defendants argue that Counts IX and X should be dismissed primarily on the grounds that the Plaintiff failed to clearly disclaim the existence of other possible legal remedies.  (Defs.' Mot. to Dismiss 13).  The Defendants argue that since unjust enrichment is an equitable remedy, it is unavailable where there is an adequate legal remedy.  (Defs.' Mot. to Dismiss 13-14).  The Defendants cite Nichols v. Wm. Wrigley Jr. Co., Case No. 10-80759-CIV, 2011 WL 181458 (S.D. Fla. Jan. 19, 2011) and Gary v. D. Agustini & Asociados, S.A., 865 F. Supp. 818 (S.D. Fla. 1994) as examples of cases where the courts dismissed an unjust enrichment claim on the grounds that the plaintiff failed to clearly allege that no adequate legal remedy existed.  (Defs.' Mot. to Dismiss 13-16).  In particular, the Defendants argue that the Plaintiff's failure to acknowledge or otherwise allege the inadequacy of an action against Wal-Mart precludes her from bringing an unjust enrichment action against the Defendants.  (Defs.' Mot. to Dismiss 15-16).

The Plaintiff responds by arguing that Federal Rule of Civil Procedure 8(a)(3) allows her to plead for relief in the alternative, and that she complied with Rule 8(a)(3) by pleading her claim for unjust enrichment in the alternative. (Pl.'s Resp. 17).  The Plaintiff further argues that the Motion to Dismiss is misguided in that the Defendants argue on the merits of the unjust enrichment claim rather than whether it was adequately pleaded.  (Pl.'s Resp. 18).  Additionally, the Plaintiff argues that the <u>Gary</u> and <u>Nichols</u> cases, as cited by the Defendants, are inapplicable to the facts at hand.  Lastly, the Plaintiff relies on <u>ThunderWave, Inc. v. Carnival Corp.</u>, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997) for the proposition that the Defendants' denial of the existence of an express contract with the Plaintiff in the Motion to Dismiss is enough to make the Plaintiff's claim for unjust enrichment plausible and therefore appropriately pleaded in the alternative.  (Pl.'s Resp. 19).

In order to establish a cause of action for unjust enrichment, a plaintiff must show that "1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." <u>Resnick v. AvMed, Inc.</u>, 2012 WL 3833035 at *8 (11th Cir. 2012)(quoting <u>Della Ratta v. Della Ratta</u>, 927 So.2d 1055, 1059 (Fla. 4th Dist. Ct. App.2006)).  Various courts disagree as to whether the existence of an adequate legal remedy precludes a plaintiff from pleading a cause of action for unjust enrichment.  <u>See e.g.</u>, <u>Nichols v. Wm. Wrigley</u>

Jr. Co., Case No. 10-80759-CIV, 2011 WL 181458 (S.D. Fla. Jan. 19, 2011) and

Gary v. D. Agustini & Asociados, S.A., 865 F. Supp. 818 (S.D. Fla. 1994). However,

the United States Court of Appeals for the Eleventh Circuit addressed this issue in

State Farm Mutual Automobile Insurance Company v. Physicians Injury Care

Center, Inc., 427 Fed. Appx. 714, 2011 WL 1988551 (11th Cir. 2011) as follows:

> It is generally true that equitable remedies are not available under
> Florida law when adequate legal remedies exist. Williams v. Bear
> Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998). However,
> that rule does not apply to unjust enrichment claims. Id. "It is only
> upon a showing that an express contract exists [between the parties]
> that the unjust enrichment . . . count fails." Id. Thus, to the extent
> that [the plaintiff] did have adequate legal remedies, those remedies
> did not bar its unjust enrichment claim.

Id. at 722. As such, the existence of an adequate legal remedy does not preclude

the Plaintiff from pleading unjust enrichment in the alternative.

The Court finds that the Plaintiff has sufficiently pleaded her claim for unjust

enrichment as a remedy in the alternative. The Plaintiff has sufficiently alleged that

she has conferred a benefit upon the Defendants by purchasing the Steam Vac

manufactured by the Defendants for a retail price of over two-hundred dollars. (Pl.'s

Compl. ¶¶ 3, 15, 97, 105). Further, it is plausible that the Defendants had

knowledge of the benefit and appreciated the benefit conferred by the Plaintiff since

the Defendants were engaged in the business of designing, manufacturing,

marketing, distributing, and selling the Steam Vac. (Pl.'s Compl. ¶¶ 10,11). Lastly,

given the fact that the Steam Vac did not meet the standards of craftsmanship

expected by the Plaintiff coupled with the fact that the Defendants failed to provide

adequate warranty service as promised, the Plaintiff has sufficiently alleged that the Defendants retained the benefit under circumstances that would be considered inequitable. (Pl.'s Compl. ¶¶ 99-100, 107-8). Thus, assuming these allegations are true, and taking those allegations in the light most favorable to the Plaintiff, the Plaintiff has adequately pleaded each element of an unjust enrichment claim.

In sum, the Plaintiff has pleaded sufficient facts to support a claim for unjust enrichment and survive a Rule 12(b)(6) challenge. As such, the Defendant's motion to dismiss Counts IX and X will be denied.

Accordingly, it is:

ORDERED AND ADJUDGED as follows:

1.  Defendant's motion to dismiss (doc. 86) is **granted** with respect to Counts III, IV, V, VI, VII, and VIII with prejudice.

2.  Defendant's motion to dismiss (doc. 86) is **denied** with respect to Counts I, II, IX, and X.

DONE AND ORDERED this 1st day of October, 2012.

*S/ Stephan P. Mickle*

Stephan P. Mickle
Senior United States District Judge