UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Jennifer Hill, on behalf of herself and
all other persons similarly situated,

        Plaintiffs,        Case No. 1:06-cv-00096-SPM-AK

vs.

The Hoover Company and Hoover
Company, I, foreign corporations doing
business in Alachua County, Florida,

        Defendants.

## CONSENT CONFIDENTIALITY PROTECTIVE ORDER

Whereas, the Parties to this action ("Parties"), by and through their respective undersigned counsel, have stipulated that certain discovery material is and should be treated as confidential, and have requested that the Court enter a Confidentiality Order; and whereas the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the Parties, the public, and the Court; accordingly, it is hereby ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.**

    a. Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES

ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents.

b. Any nonparty subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Order, and may designate documents or deposition testimony as CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY in the manner, and subject to the same protections, set forth herein. If a nonparty produces documents in this case that contain the confidential information of a party, the party may designate portions of such nonparty production as confidential by providing written notice to all counsel within thirty (30) calendar days from receipt of notice of the nonparty's production. Until the thirty day period expires, all such documents produced by nonparty shall be treated as confidential.

c. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. In the event that a party inadvertently fails to designate documents as confidential, it may make such a designation subsequently by notifying all parties to whom such documents were produced and shall provide a replacement production of the documents with the appropriate CONFIDENTIAL or

CONFIDENTIAL—ATTORNEYS' EYES ONLY marking. After receipt of such notification, all parties shall treat the designated documents as confidential, subject to their right to challenge the designation pursuant to Paragraph 10. The party receiving the documents shall also, within five (5) calendar days, return or have its counsel certify in writing that it has destroyed the original production copy of the inadvertently unmarked documents and all other copies.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential by affixing the word CONFIDENTIAL on the document but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or other confidential or proprietary research, development, manufacturing, or commercial or business information.

4. **Documents Which May be Designated Highly Confidential.** Any party may designate documents as highly confidential by affixing the words CONFIDENTIAL—ATTORNEYS' EYES ONLY but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information relating to confidential financial information, business practices and/or trade secrets, that would unfairly prejudice the producing party if disclosed to the receiving party, but not if disclosed only to the receiving party's attorneys or the party's experts.

5. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within twenty (20) calendar days after receipt of the final transcript. Such designation shall be specific as to the portions

to be protected. Until the expiration of such twenty-day period, the entire text of the deposition, including exhibits, shall be treated as confidential under this Order.

6. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1) counsel for the Parties who have responsibility for the preparation and trial of the lawsuit;

(2) Parties and employees of a party to this Order but only to the extent counsel certifies that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in

which the information is disclosed;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit; and

(5) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order. Counsel shall prepare and retain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

7. **Protection of Highly Confidential Material.**

a. **General Protections**. Documents designated **"CONFIDENTIAL— ATTORNEYS' EYES ONLY"** in accordance with this Order shall be used solely for the purpose of this lawsuit, and unless the Court for good cause shown rules otherwise, such information shall only be disclosed to attorneys of record for the Parties in this litigation, if the attorneys are not employees of any party or the parent, subsidiary, or affiliate of any party to this litigation. The information may also be disclosed to said attorneys of record's associates, clerks, legal assistants, stenographic personnel, and other regular employees of said outside attorneys of record to whom it is necessary that the highly confidential information be shown for purposes of this litigation. The information also may be disclosed to experts retained by attorneys of record for purposes of preparing for this litigation, excluding any expert retained who is currently employed by a business competitor of any party. If after a reasonable effort is made, Plaintiff is unable to secure a satisfactory expert other than one currently employed by any of Defendants' business competitors, then Plaintiff may seek *in camera* review by the Court for permission to use such expert. Confidential—Attorneys' Eyes Only information or documents disclosed to attorneys of record shall not be disclosed by attorneys to any other person, including, but not limited to, their clients, nor shall any such information be used by the attorneys for any purposes other than for purposes of discovery and preparation for trial in the above referenced matter.

b. **Control of Documents.** By accepting copies of or access to documents

or other highly confidential information designated by a party as **"CONFIDENTIAL—ATTORNEYS' EYES ONLY"** under this Order, each attorney, including their respective associates, clerks, legal assistants, stenographic personnel, other regular employees of said outside attorneys, and experts retained by counsel for purposes of this litigation agrees to be bound by the terms of this Order, and subject to the contempt powers of the Court for enforcement. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order (in the form set forth at Attachment A hereto).

c. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Highly Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation **"CONFIDENTIAL—ATTORNEYS' EYES ONLY"** if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

8. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall file the document under seal pursuant to the procedural steps set forth in the Local Rules of the United States District Court for the Northern District of Florida.

9. **Greater Protection of Specific Documents.** Except as specified herein,

no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

10. **Challenges to Designation as Confidential or Highly Confidential or Redacted Documents.** Any CONFIDENTIAL designation, CONFIDENTIAL—ATTORNEYS' EYES ONLY designation or redactions of irrelevant, non-party confidential information is subject to challenge. The following procedures shall apply to any such challenge.

   a. The burden of proving the necessity of any confidential or irrelevant designation remains with the party asserting confidentiality or redacting for non-relevant confidential.

   b. A party who contends that documents designated CONFIDENTIAL, CONFIDENTIAL—ATTORNEYS' EYES ONLY, or redacted, are not entitled to confidential treatment shall give written notice via U.S. Mail to counsel for the party who affixed the designation, or redacted the document, of the specific basis for the challenge. The party who so designated or redacted the documents shall have twenty (20) calendar days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation or redaction.

   c. Notwithstanding any challenge to the designation of documents as confidential, or the redaction of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of

the following occurs:

> (1) the party who claims that the documents are confidential withdraws such designation in writing;
>
> (2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 10.b. above; or
>
> (3) the Court rules that the documents should no longer be designated as confidential or highly confidential information.

d. Challenges to the redaction or confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

12. **Inadvertent Production of Privileged Materials.**

a. A producing party that inadvertently produces any document or other information during discovery in this litigation that the producing party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return

9

by the inadvertently producing party, the receiving party (a) shall return the original and all copies of the documents within thirty (30) calendar days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the receiving party objects to the return of the document, the receiving party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as "Confidential" pursuant to this Order, unless otherwise ordered by the Court. If such a motion is made within thirty (30) days of receiving the notice from the producing party of its claim of inadvertent production, the receiving party may retain the produced document or information until the Court resolves the motion. However, the receiving party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the producing party and the receiving party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving party. If the receiving party disclosed the document or

information before being notified, it must notify the producing party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

13. Nothing contained in this Order shall operate as an admission by the producing party or the receiving party as to the relevance, discoverability, authenticity, or admissibility of any information or category or information addressed herein.

14. Nothing herein shall impose any restrictions on the use or disclosure by a producing party of its own CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY information.

15. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

16. **No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY by counsel, or redacted as irrelevant non-party confidential information, is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

17    This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
        Magistrate

Feb 22_____, 2013

## ATTACHMENT A TO CONFIDENTIALITY ORDER

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

Jennifer Hill, on behalf of herself and
all other persons similarly situated,

        Plaintiffs,        Case No. 1:06-cv-00096-SPM-AK

vs.

The Hoover Company and Hoover
Company, I, foreign corporations doing
business in Alachua County, Florida,

        Defendants.

### ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND TO CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the Court in which this matter is pending for any issue relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

    Name: _____

    Job Title: _____

    Employer: _____

    Business Address: _____

Date:_____ Signature:_____